IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FIRST NATIONAL BANK OF TENNESSEE,   )<br>)<br>Plaintiff,   )<br>)<br>v.   )<br>)<br>PINNACLE PROPERTIES V, LLC,   )<br>)<br>Defendant.   )<br>_____   ) | CIVIL ACTION FILE NO.<br>1:11-cv-02087-ODE |

### PLAINTIFF'S INITIAL DISCLOSURES

(1) *State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.*

This is a declaratory judgment action under 28 U.S.C.A. § 2201 et seq. FNBT specifically refers to and incorporates the facts as set forth in its Amended Complaint for Declaratory Judgment [Doc. 7] which incorporated by reference its Complaint for Declaratory Judgment [Doc. 1]. This case involves the "Agreement" which was recorded on June 30, 2008 at Deed Book 14620, Pages 4857-58, Cobb County, Georgia Property Records ("Disputed Agreement"). FNBT is seeking a declaratory judgment pursuant to 28 U.S.C.A. § 2201 et seq. that the Disputed Agreement void and invalid.

FNBT's predecessor-in-interest, Alpha Bank & Trust ("Alpha"), extended a loan to Pinnacle on May 7, 2007 in the principal amount of $14,250,000.00 ("Alpha Loan") in exchange for a Promissory Note which matured on May 7, 2009.  On even date with the Promissory Note, Pinnacle, along with Due West, LLC and Forty-One Ventures, LLC, gave Alpha a Deed to Secure Debt, Assignment of Rents and Security Agreement ("Alpha Security Deed"), recorded on May 9, 2007, at Deed Book 14486, Pages 3146-3162 in the Cobb County, Georgia Records, for the property described in Exhibit "A" of the Deed (hereinafter "Alpha Tract").  The Alpha Tract consists of approximately 27 acres located on Kennesaw Due West Road in Kennesaw, Cobb County, Georgia.  The Alpha Tract has been cleared and developed, and there is one partially completed building on the Alpha Tract at present.  The Alpha Loan was guaranteed by George Nemchik and Nemchik, LLC.  Pinnacle defaulted on the Alpha Loan by failing to pay same.

On August 20, 2007, approximately three (3) months after obtaining the Alpha Loan, Pinnacle obtained a loan from Omni National Bank, now Metro Bank, ("Omni/Metro") and gave Omni/Metro a Deed to Secure Debt, Assignment of Rents, and Security Agreement ("Omni/Metro Security Deed") recorded at Deed

Book 14528, Page 2016 of the Cobb County Records for the property located adjacent to the Alpha Tract (hereinafter the "Omni/Metro Tract").  The loan from Omni/Metro to Pinnacle is hereafter referred to as the Omni/Metro Loan.  Together, the Alpha Tract and the Omni/Metro Tract contain approximately 34 acres (collectively the "Pinnacle Property").

On November 29, 2007, Alpha, Pinnacle, Nemchik, LLC and George Nemchik entered into an Agreement ("November 29, 2007 Agreement") which provides that Alpha agreed to the transfer of the Alpha Tract to the Kennesaw Development Authority, a public authority ("KDA"), as part of revenue bond financing for construction of improvements on the Alpha Tract as long as such transfer did not diminish the obligations of Pinnacle, Nemchik and Nemchik, LLC and as long as such transfer was not a modification of the Alpha Loan.  Specifically, the November 29, 2007 Agreement, ¶ 1, provides that:  "Lender hereby consents to the transfer of the Property to the KDA, which transfer will be subject to the [Alpha] Security Deed."

On December 1, 2007, Pinnacle entered into the following agreements with KDA as part of the planned revenue bond financing: (1) Purchase, Sale, Financing, and Option Agreement ("Purchase Agreement"), (2) Rental Agreement, and (3)

Master Management Service Agreement ("Management Agreement") (hereinafter collectively "KDA Agreements").  Pursuant to the Purchase Agreement, ¶ 1.5, Pinnacle agreed to convey the Pinnacle Property to KDA "free of all claims, liens, and encumbrances of any kind or nature whatsoever other than the Permitted Exceptions, herein defined."  The Alpha Security Deed was defined in the Purchase Agreement as one of the "Permitted Exceptions."  The Omni/Metro Security Deed was also defined in the Purchase Agreement as a "Permitted Exception."  The Purchase Agreement, ¶ 2.1, provides that Pinnacle "shall locate and identify purchaser(s) of Pilot Bonds in the original aggregate principal amount of at least $13,500,000.00.  [KDA] shall promptly issue Pilot Bonds in the original aggregate principal amount of $13,500,000, to provide funds to pay a portion of the Purchase Price, to fund a debt service reserve fund to secure the Pilot Bonds, to fund capitalized interest on the Pilot Bonds, and to pay the costs of issuing the Pilot Bonds."  Under the Purchase Agreement, ¶¶ 3.1-3.2, Pinnacle has the option to repurchase the Pinnacle Property from KDA in accordance therewith.

On even date with the KDA Agreements, KDA gave Pinnacle a Deed to Secure Debt and Security Agreement for the sale of the Alpha Tract and the Omni/Metro Tract, recorded at Deed Book 14567, Pages 5558-5573 in the Cobb

County, Georgia Records, and Pinnacle and KDA entered into the Master Pilot Agreement, recorded on December 28, 2007, at Deed Book 14567, Pages 5530-5548 in the Cobb County, Georgia Records. The Master Pilot Agreement, ¶¶ 1-2, requires Pinnacle to make payments in lieu of ad valorem taxes in "an amount equal to the ad valorem property taxes that would be due if title to the Project were vested in the Manager [Pinnacle]." The Master Pilot Agreement specifically provides that Alpha's Loan is superior.

On December 20, 2007, KDA issued the "Kennesaw Development Authority Economic Development Revenue Bonds, Series 2007A" (Number RA-1) to Nemchik, LLC in the principal amount of $13,500,000.00 ("Bonds"). The Bonds are payments in lieu of taxes ("PILOT") bonds such that payments are sought from the Pinnacle Property to the bondholder in lieu of paying ad valorem taxes but without encumbering the Pinnacle Property. The Bonds accrue interest and mature on December 1, 2040.

On the day the Bonds issued, Alpha, Pinnacle and KDA entered into an Estoppel Agreement which specifically refers to the KDA Agreements as well as the Alpha Loan. The Estoppel Agreement provides that:

> WHEREAS, in connection with the [KDA Agreements] . . ., Borrower intends to convey title to the Property to KDA, has requested Lender consent

to such conveyance, and a condition of such consent is that Borrower collaterally assign the [KDA] Agreements to Lender, and KDA enter into this agreement with Lender.

Further, in the Estoppel Agreement, Alpha, Pinnacle and KDA agreed that the Alpha Loan was superior to the KDA Agreements, as follows:

The Agreements and rights of the parties thereunder are in all respects subject to the Loan and the Security Instruments, as same may hereafter be modified, renewed or extended, and to all future advances made under the Loan.

The Estoppel Agreement also confirmed that Alpha may foreclose its interest in the Alpha Tract, stating as follows:

In the event Lender [Alpha] becomes the owner of the Property by foreclosure, conveyance in lieu of foreclosure or otherwise, upon request of Lender, KDA shall perform and observe its obligations under the Agreements with Lender.  Lender shall not, however, be liable for any act or omission of Borrower, subject to any offsets or defenses which KDA might have against Borrower, nor shall Lender be bound by any amendment or modification of the Agreements made without its consent, not to be unreasonably withheld or delayed.

A document entitled "Agreement" was recorded on June 30, 2008 at Deed Book 14620, Pages 4857-58, Cobb County, Georgia Property Records ("Disputed Agreement").  The Disputed Agreement purports to have been executed on June 26, 2008 by Johnny R. Myers, President and CEO of Alpha, and George Nemchik on behalf of Pinnacle.  Paragraph 3 of the Unenforceable Agreement states that:

> As a result of such exemption, and notwithstanding anything to the contrary contained in the Security Deed, the payments required by paragraph 2 of the Master Pilot Agreement (the "Pilot Agreement"), dated as of December 1, 2007, between KDA and Pinnacle, shall be superior in priority to the payment of the obligations of Grantor secured by the Security Deed the same as if such payments were ad valorem real estate taxes levied and assessed on the Property in the ordinary course of business in the State of Georgia, and title to the Property shall not be transferred from KDA pursuant to the Security Deed before the Trust Indenture and Security Agreement, dated as of December 1, 2007, between KDA and Regions Bank, as trustee, is fully discharged.

The Disputed Agreement was entered into without consideration and is, therefore, void and invalid. FNBT is requesting that the Court enter a declaratory judgment finding the Disputed Agreement void and invalid.

The legal issues in this matter include the following: (1) whether there was consideration for the Disputed Agreement; (2) whether the Disputed Agreement is void and invalid; and (3) whether a declaratory judgment should be entered finding that the Disputed Agreement is void and invalid. FNBT reserves the right to supplement this list of legal issues to include legal issues regarding the admissibility of expert testimony and any other issues that may become apparent during the discovery period.

(2) *Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.*

Plaintiff contends that the following statutes are applicable in this action: 28 U.S.C.A. § 2201 et seq., O.C.G.A. § 13-3-1 and O.C.G.A. § 13-3-40 et seq. Plaintiff contends that this action is based on the legal principles of failure of consideration and the invalidity of an agreement or contract where there is no consideration or insufficient consideration. Plaintiff's illustrative case law is as follows: Lee v. Green, 217 Ga. 860, 126 S.E.2d 417 (1962); Zachos v. Citizen & Southern Nat'l Bank, 213 Ga. 619, 100 S.E.2d 418 (1957); Robles v. Humana Hosp. Cartersville, 785 F. Supp. 989 (N.D. Ga. 1992); Summerlin v. Beacon Investment Co., Inc., 120 Ga. App. 296, 170 S.E.2d 307 (1969), aff'd, 226 Ga. 227, 173 S.E.2d 672 (1970); Holsomback v. Caldwell, 218 Ga. 393, 128 S.E.2d 47 (1962); Owings v. Georgia R.R. Bank & Trust Co., 188 Ga. App. 265, 372 S.E.2d 825 (1988); Venable v. Block, 138 Ga. App. 215, 225 S.E.2d 755; Wedgewood Carpet Mills v. Color-Set, Inc., 149 Ga. App. 417, 254 S.E.2d 421 (1979); Billings Cottonseed, Inc. v. Albany Oil Mill, Inc., 173 Ga. App. 825, 328 S.E.2d 426 (Ga. Ct. App. 1985). Plaintiff expressly reserves the right to amend this response to include additional statutes and case law.

(3) *Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)*

<u>See</u> Attachment A.

(4) *Provide the names of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)*

<u>See</u> Attachment B.

(5) *Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)*

<u>See</u> Attachment C.

(6) *In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)*

FNBT is not seeking monetary damages in this matter at this time. Rather,

the relief FNBT is seeking is equitable in the form of a declaratory judgment that the Disputed Agreement is void and invalid.

(7) *Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)*

FNBT is not aware of any insurance agreement held by it which could satisfy a judgment or indemnify or reimburse a liable party in this case.

(8) *Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest.*

FNBT is not aware of any persons or legal entities who have a subrogation interest in this case.

Respectfully submitted this 21st day of September, 2011.

                          **SCHULTEN WARD & TURNER, LLP**

                          *s/ Andrea L. Pawlak*
                          Kevin L. Ward, Ga. Bar No. 737020
                          Andrea L. Pawlak, Ga. Bar No. 142541
                          *Counsel for First National Bank of Tennessee*

260 Peachtree Street, Suite 2700
Atlanta, Georgia 30303
404-688-6800 (Phone)
404-688-6840 (Fax)
klw@swtlaw.com │ alp@swtlaw.com

**ATTACHMENT A**
**Witness List**

Each of the Parties and/or their respective representatives have or may have discoverable information and each may be contacted through counsel. The following additional persons have or may have discoverable information:

**1.** **George Nemchik** has or may have information regarding the circumstances surrounding the execution of the Disputed Agreement and/or the purported consideration for same.

**2.** **Johnny R. Myers**, 285 South Broad Street, Ellaville, Georgia 31806, (229) 937-2507 (Phone), has or may have information regarding the circumstances surrounding the execution of the Disputed Agreement and/or the lack of any consideration for same. Mr. Myers also has the information set forth in the Affidavit of Johnny R. Myers, dated April 29, 2011, attached to the Complaint as Exhibit "U" [Doc. 1-21].

**3.** **James A. Blackwell** has or may have information regarding the circumstances surrounding the execution of the Disputed Agreement and/or the lack of any consideration for same.

**4.** **Vivian Battershill-Diaz**, 307 N. Marietta Parkway, NE, Marietta, Georgia 30060, 770-792-8870 (Phone), has or may have information regarding the

Alpha Loan; communications with Defendant and/or its agent(s) regarding the Alpha Loan, the Pinnacle Property, the Disputed Agreement and other such matters; circumstances surrounding the execution of the Disputed Agreement; and/or the lack of any consideration for same, as the capitalized terms are defined in the Complaint [Doc. 1 & Doc. 7].

5.   **Representative(s) of Metro Bank formerly Omni National Bank** have or may have information regarding Defendant and/or its agent(s) approaching the bank to sign a document similar to the Disputed Agreement; the Omni/Metro Tract, and the Pinnacle Property, as the capitalized terms are defined in the Complaint [Doc. 1 & Doc. 7].

6.   **Earle R. Taylor, III, Esq.**, McKenna Long & Aldridge LLP, 303 Peachtree Street, Suite 5300, Atlanta, Georgia 30308, 404-527-4907 (Phone), has or may have information regarding the Disputed Agreement, the Bonds, establishment of the Bonds, ownership of the Bonds, the purpose of the Bonds, payments on the Bonds, and/or documents related to the Bonds.

7.   **Gordon Mortin**, Managing Director, Morgan Keegan, Two Buckhead Plaza, Suite 702, 3050 Peachtree Road, NW, Atlanta, Georgia 30305, 404-240-6845 (Phone), also has or may have information regarding the Disputed

Agreement, the Bonds, establishment of the Bonds, ownership of the Bonds, the purpose of the Bonds, payments on the Bonds, and/or documents related to the Bonds.

8.  **Representative(s) of Regions Bank** have or may have information regarding the Bonds, establishment of the Bonds, ownership of the Bonds, the purpose of the Bonds, payments on the Bonds, and/or documents related to the Bonds.

9.  **Glenn Conoley**, Sr. Vice President, Cornerstone Bank, 6344 Roswell Road, Sandy Springs, Georgia 30328, 678-553-9418 (Phone), has or may have information about the Disputed Agreement.

10.  **Martin O'Riordan** has or may have information regarding the Alpha Loan, the Pinnacle Property and/or the Disputed Agreement.

The identification of subjects of information is not meant to be exclusive of other information which the above potential witnesses have knowledge or information but that FNBT is not yet aware, discovery not having yet commenced. FNBT includes any individual and any entity listed by Defendant in its Initial Disclosures. Finally, other currently unknown individuals may have information relevant to this matter. FNBT will supplement this response as appropriate.

**ATTACHMENT B**
**Expert Witness List**

FNBT has not yet made a determination as to any expert witnesses who may be used at trial to present evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence. FNBT may identify experts, including rebuttal experts, as needed, and will supplement its response as required under Rule 26 of the Federal Rules of Civil Procedure.

**ATTACHMENT C**
**Document Categories List**

1. Each and every Exhibit attached to FNBT's Complaint for Declaratory Judgment [Doc. 1];

2. Each and every Exhibit attached to FNBT's Amended Complaint for Declaratory Judgment [Doc. 7];

3. Plats, plans, photographs, sketches, diagrams and depictions of the Pinnacle Property, Alpha Tract and/or Omni/Metro Tract;

4. Loan Documents, including, but not limited to, loans, notes, security agreements, modifications, amendments, related agreements, collateral agreements, correspondence, emails, facsimiles and any other documents regarding loans, between Pinnacle and/or Nemchik, LLC and Omni/Metro and/or Cornerstone Bank[1];

5. Correspondence, including Opinion Letter, to/from Earle Taylor (Bond Counsel);

6. $13,500,000 Kennesaw Development Authority Economic Development Revenue Bonds, Series 2007A, Closing Documents;

---

[1] FNBT has certain documents under a Confidentiality Agreement with Cornerstone Bank which will or may need to be used in this matter. If FNBT is unable to obtain permission to use those documents, it will have to seek discovery of same.

- 15 -

7. Emails to/from George Nemchik and/or his agents or representatives regarding the Disputed Agreement, Alpha Loan, and/or Pinnacle Property; and

8. Alpha's Credit Memoranda and Minutes.

FNBT includes any documents listed by Defendant in its Initial Disclosures. Finally, other currently unknown documents may be used in this matter. As such, FNBT will supplement this response as appropriate.

## **CERTIFICATION UNDER L.R. 7.1D**

Pursuant to Northern District of Georgia Local Rule 7.1D, the undersigned counsel for FNBT hereby certifies that the above and foregoing pleading is a computer document prepared in Times New Roman (14 point) font in accordance with Local Rule 5.1B.

So certified this 21st day of September, 2011.

                                              **SCHULTEN WARD & TURNER, LLP**

                                              *s/ Andrea L. Pawlak*
                                              Andrea L. Pawlak, Ga. Bar No. 142541
                                              *Counsel for First National Bank of Tennessee*

Schulten Ward & Turner, LLP
260 Peachtree Street, Suite 2700
Atlanta, Georgia 30303
404-688-6800 (Phone)
404-688-6840 (Facsimile)
alp@swtlaw.com

# CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the above and foregoing **Plaintiff's Initial Disclosures** by electronically filing same which sends a notification of filing through the CM/ECF system to:

Steven J. Estep, Esq.             sestep@ccealaw.com
Jefferson M. Allen, Esq.          jallen@ccealaw.com
Cohen Cooper Estep & Allen, LLC
3330 Cumberland Blvd. Suite 600
Atlanta, Georgia 30339
**Counsel for Pinnacle Properties V, LLC**

John J. Richard, Esq.             jrichard@taylorenglish.com
Sean R. Smith, Esq.               ssmith@taylorenglish.com
Kyle M. Baker, Esq.               kbaker@taylorenglish.com
Taylor English Duma, LLP
1600 Parkwood Circle, Suite 400
Atlanta, Georgia 30339
**Counsel for Cornerstone Bank**

So certified this 21st day of September, 2011.

                               **SCHULTEN WARD & TURNER, LLP**

                               *s/ Andrea L. Pawlak*
                               Andrea L. Pawlak, Ga. Bar No. 142541
                               *Counsel for First National Bank of Tennessee*

Schulten Ward & Turner, LLP
260 Peachtree Street, Suite 2700
Atlanta, Georgia 30303
404-688-6800 (Phone)
404-688-6840 (Facsimile)
alp@swtlaw.com